```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------x

ELIZABETH T. MAGLIULO for herself   :
and others similarly situated,
                                    :
             Plaintiff,                    01 Civ. 8599 (LMM)
                                    :
     - against -                           MEMORANDUM AND ORDER
                                    :
METROPOLITAN LIFE INSURANCE
COMPANY and METLIFE CHOICES PLAN,   :

             Defendants.            :

-----------------------------------x
```

McKENNA, D.J.,

**1.**

Participants in the MetLife Choices Plan (the "Plan") maintained by defendant Metropolitan Life Insurance Company ("MetLife") who are eligible for Medicare pay a smaller premium for themselves and dependants than those paid by participants who are not Medicare eligible. This case concerns participants in the Plan who become eligible for Medicare prior to reaching age 65.

In previous decisions (familiarity with which is assumed), the Court sustained the class action complaint and certified a class.[1]

Defendants now move, pursuant to Fed. R. Civ. P. 56,

> for an order granting partial summary judgment declaring that MetLife retirees [who became Medicare eligible prior to age 65] who failed to

---

[1] The class is defined in the Court's Order of January 20, 2005, ¶ 4.

>     notify MetLife of their changed Medicare status on
>     a timely basis, and those Plan Participants and
>     their dependents who received an annual statement
>     of benefits reflecting an incorrect Medicare
>     eligibility status and failed to notify MetLife of
>     the inaccuracy, may not maintain a claim against
>     defendants as a member of plaintiff's . . .
>     putative class.

(Notice of Motion at 1.)

**2.**

Summary judgment is to be granted where the movant shows that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In deciding the motion, a court should view the evidence, and draw all inferences, in favor of the non-moving party. <u>Harlen Associates v. Incorporated Village of Mineola</u>, 273 F.3d 494, 498-99 (2d Cir. 2001).

**3.**

Defendants have shown that during the period covered by this action, MetLife sent a Retirement Letter to all retiring MetLife employees stating, in part, that: "In the event that you or your covered dependents become eligible for Medicare before age 65, you must inform this office immediately." (Sobel Aff., ¶ 4; Def. Rule 56.1 Statement ¶ 11.)

Defendants have also shown that all Plan participants were annually sent an enrollment package which included a Decision Book including the statement: "Medicare coverage provides primary medical benefits once you are retired and reach age 65, or earlier

in some cases of disability.  At that time, MetLife Choices becomes a supplementary plan (secondary) to Medicare."  (Def. Mem. at 6; see also Davis Aff. ¶¶ 6-12 & Exs. 1-7; the small variations in language are immaterial.)  Further, in a Ballot or Personal Worksheet included in the enrollment package, there was an annual benefits statement showing the Plan Participant the personal information, including Medicare eligibility status, on record with MetLife.  (Def. Mem. at 5-7; see also Davis Aff. Exs. 8-15.)  The Decision Book included the statement:  "Please check your ballot for accuracy.  If any of the information is incorrect, contact [specified]."  (Id. at 6.)  Whether participant responded by mail or telephone or the internet, he or she was given a format in which to correct incorrect information.  (Id. at 7-9.)

Plaintiff's principal response is, in essence, that the requirements of the Retirement Letter, the Decision Book and the enrollment documents are not requirements of the ERISA Plan, or Summary Plan Description ("SPD"), and that "requirements imposed on plan participants for the receipt of benefits must be established and specified in the SPD, which cannot be modified by extraneous documents.  (Pl. Mem. at 1, citing Burke v. Kodak Retirement Income Plan, 336 F.3d 103 (2d Cir. 2003)).

**4.**

> ERISA requires employers to distribute SPDs describing the plan's benefits to their employees. The SPD must be written in a manner calculated to be understood by the average plan participant and

> must be sufficiently accurate and comprehensive to apprise participants and beneficiaries of their rights and obligations under the plan. Significantly, the SPD must contain the plan's eligibility requirements for benefits as well as "the circumstances which may result in disqualification, ineligibility or denial or loss of benefits."

Burke, 336 F.3d at 110 (quoting 29 U.S.C. § 1022(b)) (citing id. §§ 1022(a) & 1024(b) & 29 C.F.R. § 2520.102-3(l)).

The Second Circuit has also pointed out that the SPD:

> is intended to be a summary, not a full recitation of the terms of the plan, and we do not expect that SPDs will "anticipate every possible idiosyncratic contingency that might affect a particular participant's" eligibility for benefits.

Tocker v. Philip Morris Companies, Inc., 470 F.3d 481, 488 (2d Cir. 2006) (quoting Estate of Becker v. Eastman Kodak Co., 120 F.3d 5, 9 (2d Cir. 1997)).

Here, the SPD states that: "Your costs for the different MetLife Choices benefits are based on several factors:  . .. Your Costs Depend on the Option You Choose and . . . [under "Medical"] Number of people you choose to cover and eligibility for coverage under Medicare."  (Kravec Aff., Ex. 1, at 1-8 [Bates 00000010].) It also states:  "Medicare coverage provides primary medical benefits for retirees once you are retired and reach age 65.  At that time, MetLife Choices becomes a supplementary plan (secondary to Medicare.)  In other words, coverage switches from the Comprehensive Medical Expense Plan to the Medicare Supplemental Plan."  (Id. at M-48 [Bates 00000060].)

4

The first thing that is noticeable is that the SPD, as plaintiff points out, does not describe any requirement that Plan participants notify MetLife in the event they become Medicare eligible prior to age 65. On the other hand, it does not indicate that Plan participants will be given the benefit of a lower premium upon becoming Medicare eligible prior to 65.

So far, the Court does not find fault with the documentation at issue. Plaintiff has not shown that the documentation -- Retirement Letters, Decision Books or enrollment package documents -- contradicts the SPD in any way, nor is it unreasonable that MetLife should require retired Plan participants to advise it should they become Medicare eligible prior to 65, since that is not a fact that MetLife could expect to become automatically aware of from any other source.

However, there is another problem. As plaintiff points out in her Response in Opposition, Section III, MetLife has not explained why Plan participants must notify MetLife in the event they become Medicare eligible before 65, i.e. that, if they do so, their premium will be reduced when MetLife Choices becomes a supplementary plan to Medicare, and that, if they fail to notify MetLife of pre-65 Medicare eligibility, they will not have the benefit of the reduced premium. The documentation made available to Plan participants -- the SPD, the Retirement Letters, Decision Books, and the materials distributed with it -- does not "explain[]

the full import" of the requirement that they notify MetLife of pre-65 Medicare eligibility.  See Chambless v. Masters, Mates & Pilots Pension Plan, 772 F.2d 1032, 1040 (2d Cir. 1985).

For the foregoing reasons, defendant's motion for partial summary judgment is denied.[2]

Dated:  December 18, 2009

SO ORDERED.

_____
Lawrence M. McKenna
U.S.D.J.

---

[2] Chambers will contact counsel to schedule a conference to discuss further proceedings.